STEPHEN P. BROWN *v.* GIBSON AND BEHMAN, P.C.
(AC 30202)

Harper, Alvord and Mihalakos, Js.

Submitted on briefs April 24—officially released July 21, 2009

*Theodore W. Heiser* and *Megan E. Tierney* filed a brief for the appellant (defendant).

*Stephen F. Donahue* filed a brief for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, Gibson & Behman, P.C., appeals from the judgment of the trial court confirming an arbitration award in favor of the plaintiff, Stephen P. Brown. We affirm the judgment of the trial court.

The plaintiff, an attorney, was hired by the defendant, a law firm, pursuant to a written employment contract. Subsequently, the written employment contract was modified orally to provide that additional compensation would be paid to the plaintiff as fees were generated on the matters that he referred to the defendant. While employed by the defendant, the plaintiff referred the Wolcott matter, which is presently at issue, to the defendant. The plaintiff subsequently left the employ of the defendant and returned to his former law firm, Wilson, Elser, Moskowitz, Edelman & Dicker (Wilson). Wilson originally had referred the Wolcott matter to the plaintiff as it had an apparent conflict of interest and could not represent a certain client in the Wolcott matter. After the plaintiff left the employ of the defendant, he did not receive any additional compensation for the Wolcott matter.

The plaintiff brought an action against the defendant pursuant to the oral agreement for the moneys he was

owed for the referral of the Wolcott matter. The action was referred to binding arbitration, and the arbitrator found in favor of the plaintiff. Although the defendant denied that there was an agreement to pay additional compensation to the plaintiff after he had left his employment, the arbitrator found otherwise. Additionally, the arbitrator found that the right to the additional compensation accrued at the time the client retained the firm, and thus, there was no violation of the Rules of Professional Conduct because the attorneys were all members in the same firm when the right to the additional compensation accrued. The arbitrator further found that there is nothing in the Rules of Professional Conduct that prohibits such a fee to be paid to an attorney who is later employed by another firm that has an apparent conflict of interest in the matter. The arbitrator concluded that "[t]he fee to be received is not for *representation* of the client but for bringing the client to the [defendant]" and, accordingly, found in favor of the plaintiff. (Emphasis in original.)

After the arbitration decision was issued, the plaintiff filed a motion to confirm the arbitration award. The defendant filed a motion to vacate the award, arguing that there is a public policy against attorneys engaging in activities that would create a conflict of interest. The court found that the agreement between the plaintiff and the defendant did not violate any specified public policy. The court therefore denied the defendant's motion to vacate the arbitration award and granted the plaintiff's motion to confirm the arbitration award. This appeal followed.

It is the party seeking to establish the public policy who bears the heavy burden of showing the existence of such a well-defined and dominant public policy. See *State* v. *Connecticut State Employees Assn., SEIU Local 2001*, 287 Conn. 258, 275, 947 A.2d 928 (2008). The defendant argues that there is a public policy against

attorneys engaged in activities that would create a conflict of interest. See *Schoonmaker* v. *Cummings & Lockwood of Connecticut, P.C.*, 252 Conn. 416, 435, 747 A.2d 1017 (2000) (Rules of Professional Conduct governing attorneys are clearly defined and dominant public policy). The defendant claims therefore that any payment made to the plaintiff after he had left the defendant's employ would violate the Rules of Professional Conduct regarding a conflict of interest and accordingly violate public policy. The facts, however, belie such a conclusion. There was never a finding that the plaintiff had ever represented the client in the Wolcott matter for his new firm. Compensation was owed to the plaintiff on the basis of the plaintiff's referring the Wolcott matter to the defendant, not for representing the client.

The judgment is affirmed.